ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Wayne Preayer, | No. CV 15-0069-PHX-DGC (DKD) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Roger Wayne Preayer, who is confined in the Arizona State Prison Complex-Kingman ("ASPC-Kingman") in Kingman, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will order Defendants Schuster, Nalysa, Pillar and Ohsheta to answer Count One of the Complaint, will order Defendant Tucker to answer Count Two of the Complaint, and will dismiss the remaining Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

TERMPSREF

- 2 -

1  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

2  **III.    Complaint**

3   In his two-count Complaint, Plaintiff names as Defendants: Charles L. Ryan, Director of the Arizona Department of Corrections ("ADOC"); D. Schuster, Deputy Warden of the Morey Unit at Arizona State Prison Complex-Lewis ("ASPC-Lewis"); Ms. Nalysa, Shift Commander of the Morey Unit at ASPC-Lewis; Ms. Pillar, a Corrections Officer (CO) III counselor at the Morey Unit at ASPC-Lewis; Carey Tucker, a medical practitioner for the Morey Unit at ASPC-Lewis; M.L. Ohsheta, a CO III grievance coordinator for the Morey Unit at ASPC-Lewis; and Chris Moody, Warden at ASPC-Lewis.  Plaintiff seeks monetary relief.

In Count One, Plaintiff alleges that his rights under the Eighth Amendment have been violated by the conditions of confinement in the isolation unit at ASPC-Lewis. According to Plaintiff, he was transferred from the Stiner Unit at ASPC-Lewis to the Morey Unit at ASPC-Lewis on February 7, 2014.  For the next 19 weeks, he remained in an "isolation lockdown cell" at the Morey Unit, where he was mentally, emotionally, and physically neglected and abused by Morey Unit staff.  Plaintiff alleges that he was not allowed to shave or comb his hair; that he was denied any cleaning supplies to clean his cell, including the toilet and sink; that he was not allowed to send his clothes to be washed, and was forced to remain in the same set of clothes for the entire 19 weeks; that his meals were sometimes served hours late, or not at all; that the toilet and sink in his cell did not work; and that he was forced to drink water from the staff restroom or from the inmates' shower using a 1-gallon water bottle that was given to him by a staff member.  Because the toilet and sink in his cell did not work, Plaintiff was required to push the cell's "emergency" button to get staff attention when he needed to use the restroom or needed water; sometimes it took hours for any response from staff.  If the emergency button failed to alert staff, Plaintiff alleges that he would resort to banging and kicking on his door to get staff attention.

Plaintiff further alleges that he wrote several "inmate letters" to Defendants

**TERMPSREF**

Schuster and Pillar (as well as several others who are not named as Defendants), and that he personally spoke to Defendant Nalysa about the conditions of his confinement. When the letters were ignored, Plaintiff filed a grievance with Defendant Ohsheta on March 15, 2014. When Ohsheta failed to respond, Plaintiff filed a "No Response to Grievance" appeal to Defendant Schuster on April 24, 2014. Schuster responded on May 1, 2014, indicating that "the operation of the isolation cells needed to be improved," but otherwise failed to resolve Plaintiff's issues. On May 7, 2014, Plaintiff filed a grievance appeal to Defendant Ryan.[1] On August 26, 2014, Plaintiff received a "response" to his appeal to Ryan, but the response appeared to indicate that Plaintiff's grievance had never actually reached Director Ryan, and it is unclear what response, if any, was included that addressed Plaintiff's issues.

In Count Two, Plaintiff alleges that he has received constitutionally inadequate medical care, in violation of the Eighth Amendment. According to Plaintiff, he has been prescribed medication to manage his high blood pressure since 2002. On February 26, 2014, Plaintiff was seen by Defendant Tucker at the Morey Unit healthcare facility to have his prescription renewed. However, Defendant Tucker cancelled the prescription, stating that Plaintiff did not need it anymore. On March 28, 2014, Plaintiff again saw Tucker at the Morey Unit healthcare facility. Plaintiff complained to Tucker that since his blood pressure medication had been discontinued on February 26, Plaintiff had been experiencing dizziness, extreme pain and tightness in his eyes and forehead, and disorientation, and requested that his blood pressure medication be resumed. Tucker responded that Plaintiff no longer needed the blood pressure medication, and refused to resume the prescription.

The next day, Plaintiff became light-headed and dizzy while in his cell. When the sensations did not dissipate, Plaintiff pushed the "emergency" button in his cell several times, but no staff responded. When the button failed to alert staff, Plaintiff waived his

---

[1] By the time Plaintiff submitted his appeal to Ryan, Plaintiff had apparently been transferred out of the isolation cell at Morey Unit.

**TERMPSREF**

- 4 -

hands frantically at the camera in his cell, but again no staff responded. Plaintiff sat down on his bed, and "began sweating really bad." Reaching down for a drink from his 1-gallon water bottle, Plaintiff lost consciousness. He was discovered some unknown amount of time later "in a puddle of blood."[2] A medical nurse who was called to Plaintiff's cell found his blood pressure to be "184 over 108," and had Plaintiff rushed to the complex medical unit. Upon arrival at the medical unit, Plaintiff's blood pressure was recorded at "161 over 104." Plaintiff was placed on an IV drip, and over the next six hours his blood pressure eventually stabilized, bouncing from "135 over 85," to "179 over 118," to "155 over 110." Upon discharge from the medical center, Plaintiff's blood pressure medication was reinstated.

**IV.     Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the specific conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Defendants Ryan and Moody**

There is no *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability on the supervisor. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that

---

[2] Plaintiff alleges that he later learned the guards were eventually alerted to Plaintiff's condition by another inmate during "the evening dinner" handout.

**TERMPSREF**

- 5 -

1  each Government-official defendant, through the official's own individual actions, has
2  violated the Constitution." *Iqbal*, 556 U.S. at 676.

3  Plaintiff has failed to state a claim against either Defendant Ryan or Moody.
4  While Plaintiff alleges that he attempted to file a grievance appeal to Ryan, Plaintiff
5  appears to allege that the appeal never reached Ryan.  Ryan's mere position as the ADOC
6  Director, and therefore as the supervisor of all employees in the ADOC system, is
7  insufficient to impose § 1983 liability on Ryan.  Plaintiff has not alleged that Ryan
8  personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a
9  deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  Thus,
10 the Court will dismiss Ryan without prejudice.

11 Similarly, Plaintiff has failed to state a claim against Defendant Moody.  Moody's
12 only involvement appears to have been as the unwitting recipient of the grievance appeal
13 Plaintiff attempted to send to Director Ryan.  However, Plaintiff does not allege whether
14 he received any response from Moody to the grievance appeal.  As with Ryan, Moody's
15 position as Warden of ASPC-Lewis, and therefore as the supervisor of the ASPC-Lewis
16 staff – including those in the Morey Unit – is insufficient to impose § 1983 liability on
17 Moody.  Plaintiff has not alleged that Moody personally participated in a deprivation of
18 Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed
19 policies that resulted in Plaintiff's injuries.  Thus, the Court will dismiss Moody without
20 prejudice.

21 **V.     Claims for Which an Answer Will be Required**

22 Plaintiff has sufficiently alleged an Eighth Amendment claim against Defendants
23 Schuster, Nalysa, Pillar and Ohsheta in Count One of the Complaint, and an Eighth
24 Amendment claim against Defendant Tucker in Count Two of the Complaint, and those
25 Defendants will be required to answer the specified allegations therein.
26 . . . .
27 . . . .
28 . . . .

TERMPSREF

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed *in forma pauperis*. Failure to comply may result in dismissal of this action.

### B. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial

TERMPSREF

- 7 -

filing fee.

(3) Defendants Ryan and Moody are **dismissed** without prejudice.

(4) Defendants Schuster, Nalysa, Pillar, and Ohsheta must answer Count One of the Complaint.

(5) Defendant Tucker must answer Count Two of the Complaint.

(6) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Schuster, Nalysa, Pillar, Ohsheta, and Tucker.

(7) Plaintiff must complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not**

---

[3] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF

- 8 -

**returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11)    **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(12)    Defendants Schuster, Nalysa, Pillar, Ohsheta, and Tucker must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

TERMPSREF

.        (14)    This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 6th day of April, 2015.

_____
David G. Campbell
United States District Judge

**TERMPSREF**