**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Wayne Preayer, | No. CV-15-00069-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Plaintiff Roger Wayne Preayer, originally proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983 against multiple Arizona Department of Corrections employees for the alleged violations of his Eighth Amendment rights. Doc. 61. Following motion practice, the remaining Defendants are Deputy Warden D. Schuster; Lieutenant Cheryl Malysa; and Corrections Officers Maria Piller, Jaudiel Barajas, and Eduardo Arreola. *See* Docs. 109, 111. Defendants have filed a motion in limine asking the Court to preclude Plaintiff from offering any testimony, questions, or evidence at trial concerning compensatory or punitive damages. Doc. 132. The motion is fully briefed (Docs. 132, 144, 149), and the Court heard oral argument on May 19, 2017. For the reasons that follow, the Court will deny Defendants' motion.

**I.  Compensatory Damages.**

Defendants argue that Plaintiff has not alleged that he suffered a physical injury that is more than de minimis and thus cannot recover for his alleged mental and emotional injuries. Doc. 132 at 1-2. Additionally, Defendants argue that Plaintiff has not

alleged any actual or out-of-pocket losses and thus has no claim for compensatory damages. *Id.*

### A. Governing Standard.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." In *Oliver v. Keller*, the Ninth Circuit held that this statutory provision requires a prisoner to allege a physical injury that is "more than de minimis" in order to pursue claims for mental and emotional injury. 289 F.3d 623, 627-29 (9th Cir. 2002). The Ninth Circuit further held that the physical injury requirement applies only to claims for mental and emotional injury, and, "[t]o the extent that appellant's claims for compensatory, nominal or punitive damages are premised on alleged [constitutional] violations, and not on emotional or mental distress suffered as a result of those violations, § 1997e(e) is inapplicable and those claims are not barred." *Id.* at 629-30 (even absent physical injury, the prisoner was entitled to seek damages premised on alleged Fourteenth Amendment violations).[1]

As one district court in this circuit has noted, and as discussed in the May 19, 2017 hearing, *Oliver* is not "a model of clarity." *Cockcroft v. Kirkland*, 548 F. Supp. 2d 767, 776 (N.D. Cal. 2008). Generally, a plaintiff who establishes liability for the violation of a constitutional right actionable under § 1983 is entitled to recover compensatory damages for "economic harm, pain and suffering, and mental and emotional distress that results from the violations." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988) (citing *Carey v. Piphus*, 435 U.S. 247, 257-64 (1978)); *see Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (in § 1983 suits, "compensatory damages may

---

[1] In *Canell v. Lightner*, the Ninth Circuit held that § 1997e(e) does not apply to First Amendment claims regardless of the form of relief sought. 143 F.3d 1210, 1213 (9th Cir. 1998). Some might argue that this holding and its justifications could be extended to Eighth Amendment conditions-of-confinement claims like Plaintiff's, but the Ninth Circuit has never reached that conclusion. Consistent with *Oliver*, the Court will proceed with the understanding that § 1997e(e) applies to the constitutional claims in this case.

- 2 -

include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation . . . , personal humiliation, and mental anguish and suffering'") (internal quotation omitted). But under § 1997e(e), if there is no physical injury, damages are not available for "emotional or mental distress suffered as a result of" a constitutional violation. *See Oliver*, 289 F.3d at 629-30. This would seem to limit compensatory damages to economic harm (out-of-pocket losses) and pain and suffering. Without a physical injury, however, there likely is no pain and suffering apart from the unavailable mental or emotional distress. This would leave only economic damages, but they too are unlikely. Prisoners typically have no out-of-pocket losses except for medical co-pays (which will not exist if there is no physical injury), or loss of property (which can rarely arise in prisoner § 1983 actions). *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) ("a negligent or intentional deprivation of a prisoner's property fails to state a claim under § 1983 if the state has an adequate post deprivation remedy") (citation omitted). Nor can compensatory damages be awarded for the abstract value of a constitutional right. *Stachura*, 477 U.S. at 308. What, then, did the Ninth Circuit have in mind when it stated that compensatory damages "premised on alleged [constitutional] violations" are not affected by § 1997e(e)? *Id.* at 629-30.

Some courts in this circuit have held that *Oliver* applies only to separate and distinct claims for mental or emotional injuries, such as where a prisoner sets forth a claim seeking damages for mental and emotional suffering and asserts a separate claim seeking damages for a constitutional violation. *See e.g.*, *Low v. Stanton*, No. CIV S-05-2211 MCE DAD P, 2010 WL 234859, at *4 (E.D. Cal. Jan. 14, 2010) (finding "that if a plaintiff states a constitutional claim, as opposed to a claim for mental or emotional injuries, the physical injury requirement of § 1997e(e) does not apply"); *Washington v. Brown*, No. CIV S-06-1994 WBS DAD P, 2010 WL 2737141, at *18 (E.D. Cal. July 12, 2010) ("if a plaintiff states a constitutional claim, as opposed to one for mental or emotional injuries, the physical injury requirement of § 1997e(e) does not bar the award of compensatory damages"); *see also Bodnar v. Riverside Cnty. Sheriff's Dep't*, No.

EDCV 11-291-DSF (OP), 2014 WL 2737815, at *6 (C.D. Cal. March 28, 2014) ("to the extent that Plaintiff alleges emotional injury, his claim is barred by § 1997e(e)," but "to the extent that Plaintiff presents a pure constitutional violation, § 1997e(e) is inapplicable"). But none of these cases truly articulates the distinction between a claim for compensatory damages premised on an alleged constitutional violation and a claim for compensatory damages premised on "emotional or mental distress suffered as a result of those violations," and the Court cannot see such a distinction. *See Oliver*, 289 F.3d at 630.

At least one district court has held that *Oliver* limits the available relief to nominal and punitive damages if there is no physical injury. *See Quinn v. Singh*, No. 11-CV-1085-DMS (JMA), 2012 WL 3868014, at *4 (S.D. Cal. July 27, 2012). The court in *Quinn* held that the plaintiff did not allege a physical injury and could not seek damages for mental or emotional injury on his Eighth Amendment claim, but that "he is not barred under *Oliver* from seeking nominal or punitive damages in relation to this claim." *Id.* A majority of circuits similarly hold that § 1997e(e) precludes compensatory damages absent a physical injury, but not nominal or punitive damages. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007); *Royal v. Kautzky*, 375 F.3d 720, 723-24 (8th Cir. 2004); *Calhoun v. De Tella*, 319 F.3d 936, 941 (7th Cir. 2003); *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002); *Searles v. Van Bebber*, 251 F.3d 869, 878-79 (10th Cir. 2001); *Allah v. Al-Hafeez*, 226 F.3d 247, 250-51 (3d Cir. 2000). Notably, *Oliver* cited two of these cases favorably. 289 F.3d at 630 ("we reach a conclusion similar to *Al-Hafeez* and *Searles*").

The full application of *Oliver* remains uncertain. With respect to this case, Plaintiff has identified no economic losses caused by Defendants' conduct. If Plaintiff has suffered no physical injury, it would seem that the only kind of "pain and suffering" he could claim would be mental and emotional, which § 1997e(e) would proscribe. Thus, if there is no physical injury associated with one or more of Plaintiff's claims, it would appear that he could seek only nominal and punitive damages. If he has suffered physical

injury, he could also seek compensation for pain and suffering, including mental and emotional distress. With these preliminary thoughts in mind, the Court will consider the facts of this case.

**B.     Physical Injury.**

*Oliver* held that a de minimis injury does not constitute a physical injury for purposes of § 1997e(e). *Id.* at 627-28. Defendants contend that Plaintiff alleges only a de minimis injury in this case.

The Ninth Circuit did not provide an explicit standard for de minimis injuries in *Oliver*, but it rejected the appellees' argument that an injury is de minimis unless it is "an observable or diagnosable medical condition requiring treatment by a medical care professional, which would cause a free person to seek such treatment." *Id.* at 628 (citation and quotation marks omitted). The Ninth Circuit found this standard too demanding. *Id.* While a sufficient physical injury is not simply *any* injury, the Ninth Circuit held that it need not rise to the standard proposed by the appellees.

Not surprisingly, cases applying *Oliver*'s physical injury holding have reached a variety of conclusions. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1224 (9th Cir. 2008) (reviewing *Oliver* and finding that bladder infections and bed sores suffered by a paraplegic inmate were not de minimis); *Monclova-Chavez v. McEachern*, No. 1:08-CV-00076-AWI, 2011 WL 39118, at *6 (E.D. Cal. Jan. 5, 2011) (finding that significant bruises, weakness, and numbness in the plaintiff's shoulder were not de minimis under *Oliver*); *cf. Lombardelli v. Halsey*, No. 1:08-CV-00658-AWI, 2012 WL 2529225, at *9 (E.D. Cal. June 29, 2012) (allegations of some headaches at unspecified times do not support more than a de minimis injury).[2]

---

[2] Defendants cite *Jackson v. Mendenhall*, No. 113CV01679SABPC, 2016 WL 8731189, at *3 (E.D. Cal. Aug. 5, 2016). *Jackson* discusses whether the force used was de minimis – the standard used to establish an Eighth Amendment excessive force violation. *Jackson* does not address whether the injury was de minimis – the issue before the Court under § 1997e(e). The Court will not look to *Jackson* for guidance in this case. *See Oliver*, 289 F.3d at 628 ("In ruling that the requisite physical injury must be more than *de minimis* for purposes of § 1997e(e), we are not importing the standard used for

- 5 -

In arguing that Plaintiff's injuries are de minimis, Defendants cite *Oliver* and emphasize that the Ninth Circuit found that "severe and lasting back and leg pain, a canker sore, and unspecified injuries in a fight are not more than de minimis injuries." Doc. 132 at 2. But this argument leaves out important observations from the Ninth Circuit's analysis. *Oliver* noted that the appellant was "now contend[ing] that [his back and leg] pain was 'severe and lasting,' [but] on deposition he testified that 'it was nothing too serious' and that he did not seek medical treatment." 289 F.3d at 629. Additionally, the appellant originally alleged that he got in a fight with other inmates due to crowded cell conditions (his alleged Eighth Amendment violation), but later admitted the fight concerned use of the telephone, not the facts at issue in his claim. *Id.* Moreover, the appellant did not specify any injuries resulting from the fight. *Id.* *Oliver* noted the appellant's contradictory statements and found that, even if Plaintiff's allegations of injury were true, the injuries alleged were not more than de minimis. *Id.*

As discussed in the May 19, 2017 hearing, Plaintiff's allegations can be characterized as two claims: (1) a claim alleging unlawful conditions of confinement, and (2) a claim alleging deliberate indifference to serious medical needs.

### 1. Conditions of Confinement.

Plaintiff alleges that he was housed for approximately nineteen weeks in an isolation cell where the toilet was inoperative and he had no running water for eight weeks. Doc. 61 at 5-6. He had to use the cell's emergency button to get staff's attention when he needed to use the restroom or needed water, and it sometimes took hours for any response. He would have to resort to banging on or kicking his door to get staff's attention. *Id.* In his subsequently filed declaration, Plaintiff avers that he often had to urinate into the nonworking toilet in his cell and was exposed to the stench of his own accumulated urine for two months. Doc. 76, Ex. A, Pl. Decl. ¶ 17. He also avers that when he needed to empty his bowels, he would push the emergency button but no one

---

Eighth Amendment excessive force claims, which examines whether the use of physical *force* is more than *de minimis*.").

- 6 -

would respond and he would have to bang on the door for a long time before an officer would show up. *Id.* ¶¶ 14-15. Plaintiff alleges that he was physically neglected and abused. Doc. 61 at 5.

In *Alexander v. Tippah County*, the Fifth Circuit addressed whether nausea and vomiting caused by exposure to human waste and its odor constituted an injury that was more than de minimis for purposes of § 1997e(e). 351 F.3d 626, 628-29, 631 (5th Cir. 2003). Two inmates were housed together for 24 hours in "the hole," an eight foot by eight foot room meant to hold one inmate. *Id.* at 628. There was no running water and no toilet, and only a grate-covered hole in the floor that could be "flushed" from outside. *Id.* The inmates' feces obstructed the hole and clogged the drain, which then caused their urine to splatter onto the cell floor. One inmate became nauseated from the smell and vomited into the drain. *Id.* The Fifth Circuit found that the only physical injury was nausea, which caused vomiting. Because there was no allegation of any lasting effects, the injury was de minimis and § 1997e(e) precluded the plaintiffs from recovering for emotional and mental injuries. *Id.* at 631.

In *Sowell v. Kyle*, the plaintiff was held in a cell for four days without running water or the ability to shower, wash his hands, or flush his toilet. No. 2:08-CV-0051, 2011 WL 320196, at *1 (N.D. Texas Jan. 13, 2011). The plaintiff alleged that he was subjected to the odor of the toilet's contents and eventually quit defecating, choosing instead to restrain his bowels. *Id.* at *9. As a result, he suffered severe constipation and associated vomiting and chest pains. *Id.* The district court held that this did not constitute a physical injury under § 1997e(e), making emotional damages unavailable. *Id.* at *10. Other courts have similarly held that nausea and headaches resulting from one or two days of exposure to human waste and overflowing toilets did not meet the physical injury requirement under § 1997e(e). *See Herring v. Tabor*, No. 9:12-cv-1739-(GLS/DEP), 2014 WL 2946545, at *3 (N.D. N.Y. June 30, 2014); *Cambre v. Jefferson Parish Sheriff Office*, No. Civ.A. 05-6863, 2006 WL 2092403, at *5 (E.D. La. May 15, 2006) (Wilkinson, M.J.) (adopted by Beer, J., on July 25, 2006).

Although these cases did not find physical injury that was more than de minimis, they all concern conditions lasting a few days. The court in *Alexander* noted no "lasting effects" from the nausea and vomiting that resulted from one day of exposure, implying that longer-lasting effects may rise above the de minimis injury threshold. 351 F.3d at 631. Here, Plaintiff was exposed to a nonworking toilet and the stench of his urine for two months, and he regularly had to wait long periods, sometimes hours, to empty his bowels.

The Court also notes that Plaintiff alleges he was regularly served meals late or not at all during the approximately four months in the isolation cell. Doc. 61 at 5. Later filings indicate that he was served two meals a day, which was a deprivation of five meals a week. Doc. 109 at 19. Plaintiff testified in his deposition that he lost weight during the relevant time and often went to bed hungry. Doc. 84, Pl. Dep. Change/Corr. errata form at 2. In *Chappell v. Pliler*, the plaintiff alleged that during a lockdown period of approximately eight months he was denied adequate meals and served just two cold meals a day. After the first three months, the meals consisted only of an apple and frozen lunchmeat. No. 2:04-cv-1183 TLN DB P, 2017 WL 363002, at *2, 18 (E.D. Cal. Jan. 24, 2017). The court found that the plaintiff's allegations that he suffered stomach pains and dizziness were sufficient to show an actual injury. *Id.* at *6, 18; *see Pratt v. Corrs. Corp. of Am.*, 124 F. App'x 465, 467 (8th Cir. Feb. 14, 2005) (unpublished per curiam) (the plaintiff's allegation that his vegetarian meals lacked adequate nutritional value and caused him to lose thirty pounds was sufficient to satisfy the physical injury requirement of § 1997e(e)); *Shirley v. Sternal*, No. 09-10045-Civ-Martinez, 2010 WL 6020684, at *10 (S.D. Fla. Aug. 30, 2010) (the plaintiff's allegations of weight loss, headaches, light-headedness, swollen legs, constipation, upset stomach, and nausea due to a diet too low in calories established more than a de minimis injury for purposes of § 1997e(e)).

Defendants did not make any argument regarding § 1997e(e) in their motion for summary judgment. Doc. 71. As a result, specific facts on this issue were not fleshed out and the Court cannot determine whether the conditions to which Plaintiff was

exposed caused more than de minimis injury. Defendants cite Plaintiff's pro se complaint in support of their argument that Plaintiff lacks evidence of any meaningful injury, but this is a motion in limine, not a motion to dismiss, and Plaintiff is not limited to the facts alleged in his complaint when responding to a motion in limine or presenting his case at trial. Because Plaintiff will be free to present more information at trial, the Court cannot conclude at this time that he will be unable to prove more than a de minimis injury.

What is more, because Plaintiff may present evidence at trial of Defendants' deliberate indifference in order to prove his Eighth Amendment claim, and because Plaintiff will be permitted to seek punitive damages (as discussed below), all of the evidence related to his conditions of confinement will come into evidence. Defendants' motion in limine would not limit such evidence even if granted. If Defendants believe that Plaintiff has failed to present evidence sufficient to show a physical injury that is more than de minimis, they may make a Rule 50(a) motion for judgment as a matter of law on the conditions-of-confinement claim, and the Court will rule on the basis of evidence presented during Plaintiff's case-in-chief.

### 2. Deliberate Indifference to Medical Needs.

Plaintiff alleges in his amended complaint that on March 29, 2014, he began sweating and feeling dizzy and disoriented in his isolation cell. After trying for 45 or 50 minutes to get the attention of prison guards by pushing the emergency call button, banging and kicking on his cell door, and waiving "frantically" in his cell's security camera, Plaintiff sat down on his bed and passed out. He awoke on the floor with extreme pain in his head and lying face down in a puddle of blood. Doc. 61 at 14-15. His blood pressure was measured at 184 over 108, and he was transported to the complex medical unit on a stretcher. *Id.*

The Court cannot find this injury de minimis. It satisfies even the standard that *Oliver* found overly restrictive: an observable medical condition requiring treatment by a medical care professional, which would cause a free person to seek such treatment.

*Oliver,* 289 F.3d at 628. Because Plaintiff has alleged a physical injury that is more than de minimis, he may seek damages for physical injury, pain and suffering, and emotional and mental injury on the claim alleging deliberate indifference to a serious medical need.

## II. Punitive Damages.

Defendants argue that because Plaintiff did not request punitive damages in his amended pleading, he should be precluded from seeking punitive damages under Federal Rules of Civil Procedure 8(a)(3) and 26(a)(1)(A). Defendants argue that they would be prejudiced if a claim for punitive damages were added at this stage of the case. Doc. 132 at 2-3.

Rule 8(a)(3) does state that a pleading must contain a demand for the relief sought, but Plaintiff was proceeding pro se when he filed his amended complaint. The Court must construe his complaint liberally, including his prayer for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Hill v. Arnold*, No. 09-cv-05434-TEH, 2015 WL 3523199, at *4 (N.D. Cal. June 4, 2015 (finding that when construing liberally the pro se prisoner's complaint, his request for "monetary compensation" included a request for punitive damages). Rule 26(a)(1)(A) does not apply to this case because it was brought by a pro se prisoner. Fed. R. Civ. P. 26(a)(1)(B)(iv).[3]

Further, courts may grant relief beyond that requested in the complaint. Rule 54 instructs courts that every "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Citing this rule, the Ninth Circuit has found that a plaintiff need not include in his complaint a "specific prayer for emotional distress or punitive damages" in order to give the opposing party proper notice of the claim against him. *Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir. 1982); *accord Red Rock Commc'ns, Inc. v. Am. Telecasting, Inc.*, No. CV-S01-0611-PMP (LRL), 2006 WL 2432628, at *5 (D. Nev. Aug. 21, 2006) ("Courts have interpreted [Rule 54(c)] to mean a plaintiff need not

---

[3] *Hoffman v. Construction Protective Services, Incorporated*, on which Defendants rely, is inapposite. Doc 132 at 3, citing 541 F.3d 1175 (9th Cir. 2008). *Hoffman* was not a § 1983 action, did not involve a pro se prisoner or litigant, and upheld the exclusion of damages as a sanction for failure to disclose under Rule 26(a). *Id*. at 1177-80.

- 10 -

specifically claim punitive damages in the complaint so long as the complaint alleges conduct that would support a claim for punitive damages, and the evidence at trial supports sending the issue to the trier of fact"). But, if it appears that a failure to request specific relief substantially prejudiced the defendant, "Rule 54(c) does not sanction the granting of relief not prayed for in the pleadings." *Rental Dev. Corp. of Am. v. Lavery*, 304 F.2d 839, 842 (9th Cir. 1962); *Red Rock Commc'ns*, 2006 WL 2432629, at *5; *Int'l Harvester Credit Corp. v. E. Coast Truck*, 547 F.2d 888, 891 (5th Cir. 1977).

Defendants argue that they are prejudiced by Plaintiff seeking punitive damages "on the eve of trial" because they were precluded from filing dispositive motions on the subject and "designed their defenses and interviewed the witnesses they intend to call based upon the absence of a claim for punitive damages." Doc. 132 at 3. The Court is not persuaded. Defendants' answer included an affirmative defense to punitive damages, showing that they recognized well over a year ago that punitive damages could be an issue in this case. Doc. 66 at 2 ¶ 11. Defendants' filing of this motion in limine, unprompted by any action from Plaintiff, further indicates that Defendants were aware that Plaintiff might seek punitive damages at trial. And as Defendants concede, "[m]any inmates routinely request punitive damages in their complaints against ADOC employees." Doc. 132 at 3.

Defendants also fail to show that they were prejudiced by being unable to seek summary judgment regarding punitive damages. If Defendants could anticipate punitive damages in their affirmative defenses and motions in limine, they could anticipate them in their summary judgment motion.

The Court also concludes that Defendants would not have prevailed on such a motion for summary judgment. Plaintiff's Eighth Amendment claim is governed by the "deliberate indifference" standard. Doc. 109 at 13-14. Under *Farmer v. Brennan*, "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of *recklessly disregarding that risk*." 511 U.S. 825, 836 (1994) (emphasis added). A jury may assess punitive damages in a § 1983 action when

the defendant's conduct "is shown to be motivated by evil motive or intent, *or when it involves reckless or callous indifference to the federally protected rights of others*." *Smith v. Wade*, 461 U.S. 30, 56 (1983) (emphasis added). The Court denied summary judgment on Plaintiff's Eighth Amendment claim, finding sufficient evidence to raise a question of fact as to whether Defendants recklessly disregarded a substantial risk of serious harm to Plaintiff. Doc. 109 at 21-26. The Court likewise would have found a question of fact on whether Defendants were recklessly indifferent to Plaintiff's rights. *See Doe v. Beard*, 63 F. Supp. 3d 1159, 1171 (C.D. Cal. 2014) ("Plaintiff alleges that Defendants acted with deliberate indifference to a substantial risk to his safety, and his allegations could also give rise to an inference of indifference to his rights" and support an award of punitive damages).

Nor can the Court conclude that Defendants' trial preparation would be different with punitive damages expressly in this case. As already noted, Defendants have anticipated a punitive damages claim from the filing of their answer. And the Court cannot conclude that they would have interviewed witnesses differently when a basic question in this case has always been whether Defendants were deliberately indifferent to Plaintiff's wellbeing. Defendants have not shown that they will be prejudiced if Plaintiff is permitted to seek punitive damages at trial.

**III. Prospective Issues.**

In connection with the final pretrial conference and preparing proposed jury instructions and a verdict form, the parties should consider the following issues: (1) because the elements of proof are different for a conditions of confinement claim than a claim for neglect of serious medical needs, the Court presumes that it must give the jury separate instructions for each of these claims and that the verdict form should reflect these as separate claims (this is also true because the medical claim is asserted against some but not all of the Defendants); (2) whether, if there is no physical injury on the conditions of confinement claim, there is any other compensable harm for an Eighth Amendment violation (aside from nominal and punitive damages).

**IT IS ORDERED** that Defendants' Motion in Limine (Doc. 132) is **denied**.

Dated this 30th day of May, 2017.

_David G. Campbell_
David G. Campbell
United States District Judge